UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIC E. HOYLE,

                        Plaintiff,

          -vs-                                  08-CV-347-JTC

FREDERICK DIMOND, et al.,

                        Defendants.

---

       The court conducted a telephone conference with counsel for the parties on May 18, 2011. Counsel reported that they have resolved, for the time being, the issue of production of plaintiff's full tax return. Plaintiff's counsel stated that he has yet to receive certain documents and was instructed file a motion to compel within 20 days if those documents are not received.

       With regard to the production of plaintiff's journal, defendants seek disclosure of all volumes of the journal so as to chronicle plaintiff's "religious journey." The court has reviewed the journals *in camera.* The volume dated February 15, 2005 to January 4, 2008 contains entries from the time that plaintiff first discovered the Most Holy Family Monastery until the time he decided to leave. The court finds that this volume is relevant to the defense of the action as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Accordingly, the plaintiff shall disclose the most recent volume of the journal in unredacted form to the defense.

       The court has also considered the earlier volumes of the journal containing entries from March 2003 until December 2004. The material in the earlier volumes is cumulative and duplicative of that found in the later volume, and the court finds those earlier volumes

unlikely to lead to the discovery of any admissible evidence. Accordingly, the court declines to order disclosure of the earlier volumes.

Plaintiff's counsel has also forwarded a notebook which contains various "to-do" lists, telephone numbers, and references to the Most Holy Family Monastery. Additionally, plaintiff noted his initial contact with counsel. While this notebook is not formatted like the other "journals," it is essentially a continuation of the journal in a less organized form. Plaintiff's counsel states that the notebook contains references which are protected by the attorney-client privilege.

The burden is on the plaintiff, as the asserting party, to establish the attorney-client privilege. "Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *United States v. DeFonte*, 441 F.3d 92, 95 (2d Cir.2006) (citation omitted). Here, however, there is no indication that any information in this notebook was conveyed to plaintiff's counsel or discussed in the course of their meetings. Plaintiff has not met his burden of establishing the attorney-client privilege as to any information in this later notebook. *See Graves v. Deutsche Bank Securities, Inc.*, 2011 WL 721558, *2 (S.D.N.Y. February 10, 2011) (absent any evidence that communication by client to counsel occurred, based on client's handwritten notes, the burden of establishing the attorney-client privilege is not met). Accordingly, plaintiff shall disclose the notebook to defense counsel.

The parties are directed to complete all outstanding discovery forthwith. The court will conduct a telephone conference on Monday, July 25, 2011 at 2 p.m. to establish a further schedule for the filing of dispositive motions or to set a date for trial.

So ordered.

_____/s/ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: June 1, 2011
p:\pending\2008\08-347.jun111