UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ERIC E. HOYLE,

                               Plaintiff,

                    -vs-                                        08-CV-347C

FREDERICK DIMOND, ROBERT DIMOND,
and MOST HOLY FAMILY MONASTERY,
a New York Not-for-Profit Corporation,

                             Defendants.

_____

APPEARANCES:                CHAMBERLAIN D'AMANDA OPPENHEIMER &
                                   GREENFIELD LLP (K. WADE EATON, ESQ., OF
                                   COUNSEL), Rochester, New York for Plaintiff.

                                   DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP,
                                   (CHARLES C. RITTER, JR., ESQ., OF COUNSEL),
                                   Buffalo, New York for Defendants.

### INTRODUCTION

On June 22, 2012, this court issued a Decision and Order granting the defendants' motion for summary judgment in part and dismissing the complaint (Item 106).  On July 17, 2012, plaintiff filed a motion for reconsideration (Item 107).  Prior to decision on the motion, the case was referred to mediation.  The court has now been informed that mediation was unsuccessful.  Accordingly, the court will address the motion for reconsideration.

Plaintiff argues that the court applied an erroneous legal standard in assessing his claims of unjust enrichment and money had and received under New York law.  Plaintiff further argues that the defendants were not entitled to summary judgment on

plaintiff's equitable claims because he raised genuine issues of material fact.

Defendants have submitted a memorandum in response to the motion (Item 109), and

plaintiff filed a letter in reply (Item 110).  The court will assume familiarity with the facts

of the case.  For the reasons that follow, the plaintiff's motion for reconsideration is

denied.

## DISCUSSION

The standard for a motion to reconsider is strict.  "Reconsideration will generally

be denied unless the moving party can point to controlling decisions or data that the

court overlooked - matters, in other words, that might reasonably be expected to alter

the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257

(2d Cir. 1995).  "[A] motion for reconsideration should not be granted when the moving

party seeks solely to relitigate an issue already decided." *Id.*

In discussing plaintiff's equitable claims, the court identified the elements of the

claims under New York law and noted that, for both unjust enrichment and money had

and received, the court must consider the principles of equity and good conscience.

*See Diesel Props. S.r.l. v. Greystone Bus. Credit II LLC,*  631 F.3d 42, 55 (2d Cir.

2011); *Nordlicht v. N.Y. Tel. Co.,* 799 F.2d 859, 865 (2d Cir. 1986), *abrogated on other*

*grounds by Fax Telecommunicaciones Inc. v. AT &T,* 138 F.3d 479 (2d Cir. 1998).  The

court did not improperly require plaintiff to establish wrongdoing on the part of the

defendants, but found that, as the claims were based on an unproven

misrepresentation, the equities did not support plaintiff's claims.

Plaintiff further argues that he has raised factual issues precluding summary judgment on his equitable claims.  Specifically, plaintiff states that it is a "question of material fact whether defendants' statements about Joseph Natale and his founding of MHFM [Most Holy Family Monastery] were made recklessly or dishonestly, with the intent to obtain money or credibility."  (Item 107, p. 4).  The court has found that any examination into the genesis of MHFM is a doctrinal determination that is prohibited by the First Amendment to the United States Constitution and is outside the court's jurisdiction.  Moreover, plaintiff has presented no admissible proof that the defendants misrepresented the circumstances of the establishment of MHFM.

Finally, plaintiff argues that he has raised genuine issues of material fact regarding the terms of his transfer of funds to MHFM.  To the extent that plaintiff now seeks to litigate the terms of an alleged written agreement, the court notes that plaintiff failed to plead a contract claim or offer any evidence of a valid and enforceable contract.  In pleading his equitable claims in the amended complaint, plaintiff alleged that the defendants "led the plaintiff to believe that they would, indeed, instruct him in the path to becoming a Benedictine monk" and in reliance on those promises, he transferred personal assets with a value in excess of $1,541,089.00 to MHFM  (Item 42, ¶¶ 70, 71).  Plaintiff also alleged that his transfers "were based on the plaintiff's false beliefs that the Dimond defendants were Benedictine monks and that MHFM was a Benedictine community."  *Id.,* ¶ 77.  Finally, plaintiff alleged that he transferred his funds to MHFM "in the mistaken belief that the Dimond defendants had the authority to instruct him in the disciplines which would enable him to become a Benedictine monk." *Id.,* ¶ 79.

All of the plaintiff's equitable claims are "based on the premise that plaintiff was falsely led to believe that the defendants were Benedictine monks, that MHFM was a Benedictine monastery, and that he could become a Benedictine monk through study at MHFM." (Item 106, p. 22). The record indicates that plaintiff was aware, at the time he made his donations, that MHFM operated outside the governance of the publicly-recognized Benedictine order. As stated previously, for the court to determine whether MHFM is a Benedictine community and the defendants are Benedictine monks would require an examination of religious doctrine over which this court has no jurisdiction.

**CONCLUSION**

The plaintiff's motion for reconsideration is denied. Before the court considers the defendants' motion for summary judgment on their counterclaims, the parties shall advise the court within two weeks whether they wish to make a final attempt at mediation.

So ordered.

_____\s\ John T. Curtin___
JOHN T. CURTIN
United States District Judge

Dated:    11/7/2012