UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIC E. HOYLE,

        Plaintiff,

   -vs-               08-CV-347-JTC

FREDERICK DIMOND, et al.,

        Defendants.

---

APPEARANCES:  WYNN L. BOWMAN, ESQ., Rochester, New York, Attorney for Plaintiff.

          DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, (CHARLES C. RITTER, JR., ESQ., OF COUNSEL), Buffalo, New York, Attorneys for Defendants.

## BACKGROUND

Plaintiff commenced this action on May 9, 2008 seeking damages and restitution from defendants Frederick and Robert Dimond, who operate the defendant not-for-profit corporation Most Holy Family Monastery ("MHFM") in Fillmore, New York. Specifically, plaintiff sought to recover monies he donated to MHFM allegedly in reliance on the defendants' representations regarding their affiliation with the Order of St. Benedict ("O.S.B.").

Plaintiff filed an amended complaint on March 10, 2009, asserting ten causes of action--fraud, constructive fraud/negligent misrepresentation, unjust enrichment/constructive trust, mandatory accounting, money had and received, violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and (d) ("RICO"), deceptive trade practices pursuant to New York General

Business Law § 349, false advertising, and vicarious liability of MHFM (Item 42). Defendants filed an answer to the amended complaint on March 20, 2009 and interposed seven counterclaims for defamation/injurious falsehood, violation of the Lanham Act, 28 U.S.C. § 1125, *et seq.,* interference with prospective advantage/tortious interference with contract, conversion, breach of fiduciary duty, misappropriation of trade secrets, and violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.* ("ECPA") (Item 43). Plaintiff filed his reply to the counterclaims on April 9, 2009 (Item 44).

On January 6, 2012, defendants filed a motion for summary judgment, seeking dismissal of the complaint and judgment on their counterclaims (Item 89). Plaintiff's response to the motion was filed February 24, 2012 (Item 97) and defendants' reply was filed March 16, 2012 (Item 105). The court granted the defendants' motion for summary judgment in part and dismissed the plaintiff's complaint, but held in abeyance that aspect of the defendants' motion in which they sought judgment on their counterclaims (Item 106). Following an unsuccessful attempt by the parties to resolve the counterclaims through mediation, the court, in an order dated March 19, 2013, denied in part the remainder of defendants' motion for summary judgment and granted summary judgment to plaintiff, *sua sponte,* on defendants' counterclaims under the Lanham Act and the ECPA (Item 116).

Plaintiff has now filed a motion to amend/correct the complaint/reply (Item 121). He seeks to reinstate seven causes of action that were previously dismissed and to add a claim for breach of contract based on his allegation that he prepared a document, at

defendants' request, specifying an amount of money that was to be returned to him in the event he left MHFM. Defendants filed a response to the motion on June 11, 2013 (Item 122). The court has determined that oral argument is not necessary. For the reasons that follow, the plaintiff's motion to amend/correct the complaint/reply is denied.

## DISCUSSION

In this motion, plaintiff seeks to reinstate several causes of action previously dismissed on defendants' motion for summary judgment and to add a cause of action for breach of contract. In his previous amended complaint, plaintiff framed his claims as based on the defendants' alleged misrepresentation that they were affiliated with the Order of St. Benedict and could instruct him to become a Benedictine monk. While he included allegations regarding an agreement by which MHFM was to return to him a certain amount of money in the event he left MHFM, plaintiff chose not to include a specific claim for breach of contract in either his original or first amended complaint. In this proposed amended pleading,[1] plaintiff frames his claims as based on the defendants' alleged representation that they would return a portion of his donated funds upon his departure. He also seeks explicitly to add a claim for breach of contract based on the breach of this alleged agreement.

The decision whether to grant leave to amend a complaint is within the sound discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading

---

[1] Plaintiff seeks leave to amend his complaint and/or reply. Essentially, he seeks to amend the complaint and the court will address the motion as such.

"shall be freely given when justice so requires," a motion to amend should be denied "if there is an 'apparent or declared reason--such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman*, 371 U.S. at 182); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987).

A "[c]ourt may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." *Berman v. Parco*, 986 F.Supp. 195, 217 (S.D.N.Y. 1997). Moreover, "when the amendment is sought after discovery has been closed," "[p]rejudice may be found." *Lyondell-Citgo Ref., LP v. Petroleos De Venezuela S.A.*, 2004 WL 2650884, *1 (S.D.N.Y. November 22, 2004) (citing *Berman v. Parco*, 986 F.Supp. 195 (S.D.N.Y. 1997)); *Priestley v. American Airlines, Inc.*, 1991 WL 64459, *2 (S.D.N.Y. April 12, 1991) ("Insofar as the proposed claim is not predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable."); *see also MacDraw, Inc. v. CIT Group Equip. Fin., Inc.,* 157 F.3d 956, 962 (2d Cir. 1998) (affirming the district court's denial of leave to amend where it was requested after the close of discovery, additional discovery would be required, causing undue prejudice to the defendants, and the delay was unexplained); *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990) (affirming the district court's denial of leave to amend after the nonmovant had filed for

4

summary judgment, discovery had been completed, and more than 17 months had elapsed following the commencement of the action, and noting that the party seeking leave to amend has the burden of providing a satisfactory explanation for the delay); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985) (affirming the district court's denial of leave to amend where the proposed new claims were raised after discovery had been completed and the nonmoving party had filed for summary judgment).

Plaintiff's motion to amend the complaint is based on facts available to him from the beginning of this litigation. He alleges, as he did in his original and first amended complaint, that the defendants instructed him to prepare a writing specifying the amount of money that would be returned to him in the event he left MHFM and then refused to honor that agreement. However, for tactical or other reasons, plaintiff failed to include a breach of contract claim in his pleadings throughout the lengthy course of this action and never framed his remaining claims as based on the alleged "broken promise" to refund a specific sum of money. In their previous incarnation, plaintiff based his claims on the allegation that defendants misrepresented their status as Benedictine monks and their ability to instruct plaintiff in the tradition of St. Benedict. The court dismissed those claims as their resolution would have required an examination of doctrinal issues prohibited by the First Amendment (Item 106).

Plaintiff's new proposed claims, for fraud, constructive fraud/negligent misrepresentation, unjust enrichment/constructive trust, mandatory accounting, money had and received, and deceptive trade practices, are now based on the theory that the defendants misrepresented their intention to return a portion of plaintiff's donations

5

should he depart.  Plaintiff's new breach of contract claim is based on the alleged agreement to return a portion of the donations, an agreement which plaintiff stated in his deposition that he prepared but could not produce and which he admitted was not executed by defendants (Item 89, Exh. A, pp. 74-75).  Plaintiff knew of the facts of the alleged agreement to refund a portion of his donations, as these facts appeared in his earlier pleadings and were the subject of discovery, but plaintiff chose to proceed on the theory that MHFM presented itself fraudulently as a Benedictine monastery.  Plaintiff could have presented alternate theories from the onset of the litigation, but chose not to.

Additionally, in the five years since plaintiff filed his original complaint, discovery has closed and the court dismissed the complaint on defendants' motion for summary judgment.  Plaintiff has offered no reason for the lengthy delay, and the court finds the delay is not excusable.  If the court were to permit the amendment plaintiff requests, defendants would be put to the burden of answering a third complaint and potentially engaging in additional discovery long after the time for discovery has closed in a case they have defended for over five years. Therefore, for reasons of "undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, . . . and undue prejudice to the opposing party," *Dluhos,* 162 F.3d at 69, plaintiff's request to amend the complaint is denied.

## CONCLUSION

The plaintiff's motion to amend/correct the complaint/reply (Item 121) is DENIED.

So ordered.

_____ \s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: July 24, 2013
p:\pending\2008\08-347.jun24.2013