UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ERIC E. HOYLE, | **REPORT, RECOMMENDATION AND ORDER** |
| Plaintiff, | |
| v. | 08-CV-00347(JTC)(JJM) |
| FREDERICK DIMOND, ROBERT DIMOND, and MOST HOLY FAMILY MONASTERY, | |
| Defendants. | |

_____

   This action has been referred to me by Hon. John T. Curtin for supervision of further proceedings [128].[1] Familiarity with the procedural history of this case is presumed, and will be discussed only to the extent relevant to this Report, Recommendation and Order.

   Before me is defendants' motion [125] seeking dismissal of their remaining counterclaims, without prejudice, pursuant to Fed. R. Civ. P. ("Rule") 41(c). "The only claims remaining in this action to be disposed of at trial are Defendants' remaining counterclaims. Defendants have proposed that they withdraw their counterclaims without prejudice based on the belief that, despite an anticipated judgment, it will be difficult, if not impossible, to actually collect against Plaintiff. Plaintiff has refused to stipulate to dismissal without prejudice." Ritter Affidavit [125-1], ¶¶10-11.

   Responding to the motion, plaintiff states that the defendants "are aware that it is Plaintiff's intention to file an appeal of the dismissal of his claims and the denial of his motion to file a Second Amended Complaint. Defendants are moving to dismiss their counterclaims to allow Plaintiff to file an appeal. Moreover, Defendants are requesting a dismissal without prejudice to be able to have their counterclaims available to them if Plaintiff is successful on his

---

[1]   Bracketed references are to the CM/ECF docket entries.

appeal. Therefore, the reason that the Defendants are moving to dismiss their claims without prejudice is to circumvent the final judgment rule". Bowman Affidavit [127], ¶13.

"A pragmatic approach to the question of finality has been considered essential to the achievement of the 'just, speedy, and inexpensive determination of every action': the touchstones of federal procedure." Brown Shoe Co. v. United States, 370 U.S. 294, 306 (1962) (*quoting* Rule 1). Since defendants have stated that they are willing to dismiss their remaining counterclaims with prejudice if plaintiff's appeal is unsuccessful, I see no reason to force the parties to incur the expense and delay entailed in litigating those counterclaims, simply to enable plaintiff to take that appeal. "It is well established that district courts possess the inherent power *and responsibility* to manage their dockets so as to achieve the orderly and expeditious disposition of cases." In re World Trade Center Disaster Site Litigation, 722 F.3d 483, 487 (2d Cir. 2013) (emphasis added); *see also* Cecere v. City of New York, 1991 WL 136026, *5 (S.D.N.Y. 1991) ("the Court is obligated to see that litigants pursue their actions expeditiously and do not waste limited judicial resources").

Rule 54(b) authorizes the court to enter final judgment as to fewer than all claims "if the court expressly determines that there is no just reason for delay". "The mere presence of [counterclaims] . . . does not render a Rule 54(b) certification inappropriate. If it did, Rule 54(b) would lose much of its utility." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 9 (1980). Certification is particularly appropriate where, as here, "an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims". Id. at 8, n. 1.

Although neither plaintiff nor defendants have moved for certification under Rule 54(b), "[i]n an appropriate case, the district court may consider the question of whether to direct entry under Rule 54(b) *sua sponte*". Lankler Siffert & Wohl, LLP v. Rossi, 2004 WL 541842, *3


(S.D.N.Y. 2004), aff'd, 125 Fed. Appx. 371 (2005) (Summary Order).  *See also* Coleman Co., Inc. v. Hlebanja, 1997 WL 13189, *9 (S.D.N.Y. 1997); 10 Wright & Miller, *et al*., Federal Practice & Procedure (Civil), §2660 at n. 8; 10 Moore's Federal Practice, §54.23[1][a] (Matthew Bender 3d ed.).  Accordingly, by Order to Show Cause dated February 3, 2014 [131], I directed the parties to show cause on or before February 10, 2014 "why this Court should not invoke Rule 54(b) to enter final judgment as to all claims (both plaintiff's and defendants') which have previously been dismissed by Judge Curtin".

Although plaintiff has not responded to the Order to Show Cause, defendants have submitted a Memorandum of Law [132] agreeing to the proposal: "Defendants are willing to dismiss their remaining counterclaims with prejudice if plaintiff's appeal is unsuccessful. Therefore, allowing Plaintiff to appeal his claims at this point . . . instead of awaiting a final judgment on all counterclaims, would actually speed the final outcome of this action . . . . Furthermore, in the event said appeal is denied, neither party, nor the Court, will have gone through the unnecessary expenditure of time, money, and other valuable resources, as Defendants will simply dismiss their remaining counterclaims".  Id., pp. 6-7.

## CONCLUSION

For these reasons, pursuant to Rule 54(b) I recommend that this Court "expressly determine[ ] that there is no just reason for delay" and enter final judgment as to all claims and counterclaims in this action *except* those counterclaims which have not previously been dismissed.  In light of this recommendation, defendants' motion to dismiss their remaining counterclaims [125] is denied as moot, without prejudice to renewal in the event this recommendation is not adopted.

Unless otherwise ordered by Judge Curtin, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by February 28, 2014 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Curtin. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: February 11, 2014

      /s/ Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge